# S T A T E   O F   L O U I S I A N A

## PARISH OF ORLEANS

-------------------------------------------------

SUCCESSION

of

KATHERINE ROSCHA,
Widow by first marriage of
Henry Thompson, and by second
marriage of Martin Pelke.

No. 5604,

COURT OF APPEAL

-------------------------------------------------

--------------------

## OPINION

Max Dinkelspiel, Judge.

---------------------------------------------

KATHERINE ROSCHA, widow by first marriage of Henry Thompson and widow by second marriage of Martin Pelke, died in this city, her domicile, on December 23, 1917, leaving a last will and testament in the nuncupative form by public act before Felix Joseph Puig, Notary, of date November 9, 1915.

The will in question reads as follows:

" "My name is Katherine Roscha. I am the widow by first marriage of Henry Thompson and the widow by second marriage of Martin Pelke.
"All the property that I now have was bought with money acquired during the community between myself and Martin Pelke.
"I leave and bequeath to my son Henry Thompson, the sum of Six hundred Dollars.
"The balance of my property I leave and bequeath to my two children William Pelke and Annie Pelke wife of Henry Meyer, constituting them my universal legatees.
"I appoint Mr. Geo. Casanova, executor of this my last will and testament with full seizin."

In the petition filed before the Civil District Court, amongst other allegations of the petition for probate, was the following: "That deceased left as her sole and only legal heirs her three children, Henry Thompson, William Pelke and Annie Pelke, wife of Henry Meyer, all of this city and of full age." She left in the will as her testamentary executor George Casanova, who, in due course, qualified, and subsequently prayed for an inventory of the succession, which inventory, filed, showed that the only property that deceased left was a certain lot of ground in this city, appraised for the sum of $2500.00. Subsequently, through orders of the court, this property was sold and produced the sum of $2315.00, and there was added to this cash in Ninth Street Branch of Commercial Trust & Savings Bank $1.00, making a total of $2316.00 as the entire gross value of the decedent's property.

560

Subsequently an account was filed by the executor, charging himself with the fund in question, and after the payment of debts, funeral charges, notarial and law fees and other necessary expenses, and after paying legacy to Henry J. H. Thompson, son of the deceased, of $600.00 provided for in the last will and testament, or a total of $1036.35, there was left a net balance of $1279.65, which was to be distributed to the residuary legatees as follows: Annie Pelke, wife of Henry Meyer, daughter of the deceased, $639.82-1/2, and a like amount to William Pelke, the son of the deceased.

This account was opposed by Henry J. H. Thompson, claiming, amongst other allegations of his opposition, that the executor, George Casanova, never qualified within ten days, under his appointment by will, therefore his appointment was a nullity; that he had no right as executor to file any account or represent this estate as executor in any manner, and his acts and orders of the court thereon were null and void. The opposition further contended that in case the first opposition was overruled, then, in the alternative only, opponent opposes the distribution under the said will, as the same is null and void, and the heirs other than opponent are not entitled to any part of this estate, for the reasons stated by opponent in the suit filed by him on the _____ day of January, 1918, and made part hereof:

1. That the said alleged last will and testament, it is therein stated that all of the property of the decedent was purchased with the funds belonging to the community of acquets and gains existing between the decedent and Martin Pelke and her husband pre-deceased.

2. That the said last will and testament is null and void and of no effect, in that it was not dictated by the decedent nor read to her in the presence and hearing of the witnesses, nor were the other forms of law followed

out in the making of said will and testament; that deceased was old and infirm, almost totally deaf, totally incapable of testamentary disposition; that she was altogether under the influence of Mrs. Annie Pelke, wife of Henry Meyer, who undoubtedly and illegally exercised her control over the said decedent at the time of the making of the said last will and testament; that during the making of said will William Pelke, one of the sons of the decedent, came into the house and in front of the room where decedent was making said last will created a disturbance by insisting that he should benefit to the same extent as his sister, Mrs. Annie Meyer, aforesaid, and that this was done and was such an interruption as is prohibited by law. In consequence of the foregoing the said last will and testament is null and void. Opponent also alleges, also in the alternative, that should the said last will and testament be held to be good and valid, in that event, that the property left by the decedent constituted her own separate estate and was no part of any community which heretofore existed between the said decedent and her late husband, Martin Pelke; that opponent should inherit as one of the forced heirs of the said decedent, in accordance with the foregoing; that of the said other legal heirs, William Pelke and the said Annie Meyer, they were without right or authority to receive any portion of the estate as such heirs as legatees, because of the fact that they have not disclosed in the inventory herein, but concealed, certain money which the said Mrs. Annie Pelke, wife of Henry Meyer, had in her possession at the time of the death of the decedent, at the taking of the inventory, and more particularly the sum of $470.00 withdrawn from the bank by the decedent, which was in the house at the time of the death of said

562

decedent, and the whereabouts of which she was familiar with, and certain household furniture and jewelry belonging to said decedent, valued at about $250.00, and other property not personally known to petitioner in sufficient detail, but which is reserved by petitioner by supplemental petition to be filed herein. Wherefore they pray that the parties hereunto be cited to appear and answer this petition, and that there be judgment in favor of petitioner and against said defendants decreeing the last will and testament to be null, void and of no effect; likewise the probate, registry and execution thereof; and that, in the alternative, should the said last will and testament be held to be valid, in that event the property left by decedent to be declared to be free from any claims of the second community as is set out in the said last will and testament, and decreed to belong to the separate estate of the decedent, and the said Mrs. Annie Pelke, wife of Henry Meyer, and William Pelke, be debarred from inheriting either as forced heirs or as legatees, and that petitioner be recognized as the sole legal heir of decedent and be put in possession of her entire estate.

An exception was filed to opponent's claims, on the ground that same showed no cause of action. Subsequently, and without trial of this exception - which seems not to have been pressed - opponent disclaimed relief from all fees, law charges and other items filed by the executor, leaving the sole question at issue whether or not undue influence had been used and whether or not the facts contended for by the opponent were true.

The authorities cited by counsel for opponent, Thompson, - Article 1041 R.C.C., together with the Succession of Gusman, found in the 35th An., 407-6, - have no application whatever to the facts as presented in this case.

The case finally came to trial, and, amongst other things, the testimony of all the witnesses in this case proved beyond the peradventure of a doubt the verity of the account, as filed by the executor. There was no concealment of any kind or character of either money, furniture or other property; but, on the contrary, the account of the executor presents absolutely, in our opinion, a truthful, honest, honorable statement of the true situation in this succession.

It was contended first by the opponent that, admitting, for the sake of argument, the facts to be as stated, nevertheless, that the two heirs, Mrs. Meyer and William Pelke, had not received anything beyond their virile share as forced heirs, just as opponent did, in this case. The law on this subject is as follows:

> "The cardinal object of the collatio bonorum is equality in the partition, in order to prevent jealousy and bickering among heirs about property. The law would fail of its object if heirs were made to collate unless upon ample proof that collation is due."
> La. Digest, Vol 2. (Citing King v. King, 107 La. Reports, 437.

Article 1231, R.C.C., under the head of "Express Exclusion of Collation," provides:

> "But things given or bequeathed to children or other descendants by their ascendants, shall not be collated, if the donor has formally expressed his will that what he thus gave was an advantage or extra part, unless the value of the object given exceed the disposable portion, in which case the excess is subject to collation." (Referring to 16 An., 294).

The case of Miller v. Miller, 105 La. Reports, 257, is a full exposé of the subject matter of collation as it is presented in this record.

We have carefully scrutinized and closely examined the subject matter involved in this controversy, without aid in the way of brief or argument for the opponant in this case, and we are unhesitatingly forced to the conclusion that opponent, Henry Thompson, has not in any manner presented any issue or any evidence

to sustain his cause; nor is there any law so to do.

JUDGMENT AFFIRMED.

----------------------

New Orleans, June _____, 1919.

-------------------------------------